UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>CRISTIAN ALBERTO GERMOSEN REYNOSO | )<br>)<br>)<br>)<br>)   C.R. No. 20-0015-MSM -LDA<br>)<br>)<br>)<br>)<br>) |

MEMORANDUM AND ORDER

Mary S. McElroy, United States District Judge.

I.   INTRODUCTION

Defendant Cristian Alberto Germosen Reynoso ("Germosen"), who is serving a 96-month prison sentence, seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A), as recently amended by the First Step Act (FSA), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (2018). (ECF Nos. 42 & 44.) Section 18 U.S.C. 3582(c)(1)(A) permits courts to reduce a term of imprisonment, once administrative remedies are exhausted, if it finds that "extraordinary and compelling reasons warrant such a reduction." *See* 18 U.S.C. § 3582(c)(1)(A). Mr. Germosen has filed two Motions that seek the same relief: a reduction in his sentence and release from custody.[1] The Government objects. In his initial filing Mr. Germosen asserted that he had not submitted a request for compassionate release to the warden of the

---

[1] Mr. Germosen filed a "Motion for Retroactive Application of Sentencing Guidelines under 18 U.S.C. 3582" (ECF No. 42) as well as an "Emergency Motion for Release" (ECF No. 44.) Both seek relief pursuant to the First Step Act.

institution where he was housed. (ECF No. 42.) Because prisoners must show that they have sought relief from the warden of the institution prior to seeking judicial intervention, that would have been fatal to his claim. However, Mr. Germosen did seek relief from his institution on March 3, 2022. The Facility Administrator's letter of response, dated March 18, 2022, was an exhibit to ECF No. 44. The government, therefore, does not dispute that Mr. Germosen has exhausted his administrative remedies. The Court may now consider both motions and determine whether extraordinary and compelling reasons exist to warrant a sentence reduction and, if so, if such a reduction would be consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). "Put another way, the district court must find that the defendant's situation constitutes the type of 'extreme hardship' that the compassionate-release statute is designed to ameliorate." *United States v. Saccoccia*, 10 F.4th 1, 4 (1st Cir. 2021) (quoting *United States v. Havener*, 905 F.2d 3, 6 (1st Cir. 1990)). Finally, "the district court must consider any applicable section 3553(a) factors and 'determine whether, in its discretion, the reduction . . . is warranted in whole or in part under the particular circumstances of the case.'" *United States v. Texeira-Nieves*, 23 F.4th 48, 52 (1st Cir. 2022) (quoting *Saccoccia*, 10 F.4th at 4 (alteration in original).

For the reasons state below, the Defendant's motions are DENIED.

## II. BACKGROUND

After entering a plea of guilty in September 2020, Mr. Germosen was sentenced, on February 4, 202, to a total of 96 months incarceration for charges of

possession with intent to distribute 40 grams or more of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), possession with intent to distribute 28 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and Possession with intent to distribute cocaine in violation of 21 U.S.C §§ 841(a)(1) and (b)(1)(C). The mandatory minimum sentence was sixty months and the advisory guideline sentencing range was 108 to 135 months. Mr. Germosen did not appeal the sentence.

### III. DISCUSSION

18 U.S.C. § 3582(c)(1)(A)(i), vests this Court with the authority to modify a sentence of imprisonment if "extraordinary and compelling reasons warrant such a reduction." "[O]nce a defendant shows that he has exhausted the Bureau of Prisons' administrative process for compassionate release, or thirty days have lapsed without a decision, whichever occurs first, a district court may reduce a defendant's term of imprisonment provided the court determines: (1) extraordinary and compelling reason warrant the reduction; (2) the defendant will not be a danger to the safety of any other person or the community; and (3) the sentencing factors outlined in 18 U.S.C. § 3553(a) favor release." *United States v. Saad*, No. 16-cr-00035-JJM, 2022 WL 35806, *1 (D.R.I. Jan. 4, 2022) (internal citations omitted). The statute itself does not define "extraordinary and compelling reasons" that justify a sentence reduction or modification; therefore, any information the court finds relevant may be considered, with the explicit exception of that related only to rehabilitation. *United States v. Ruvalcaba*, 26 F.4th 14, 25 (1st Cir. 2022). "[U]ntil the Sentencing Commission speaks, the only limitation on what can be considered an extraordinary

3

and compelling reason to grant a prisoner initiated motion is rehabilitation." *United States v. Trenkler*, 47 F.4th 42, 48 (1st. Cir. 2022).

> a district court, reviewing a prisoner-initiated motion for compassionate release in the absence of an applicable policy statement, may consider any complex of circumstances raised by a defendant as forming an extraordinary and compelling reason warranting relief. It follows that a district court adjudicating such a motion may consider the FSA's non-retroactive amendments to the scope of the mandatory minimum penalties under section 841(b)(1)(A) on a case-by-case basis grounded in a defendant's individualized circumstances to find an extraordinary and compelling reason warranting compassionate release.

*Id.* at 47

Mr. Germosen seeks release for various reasons including the fact that he has children, has an elderly mother who herself suffers from various health conditions and requires assistance with the tasks of daily living, and that he suffers from medical conditions which make him vulnerable to severe illness from Covid-19. The records included with his second motion demonstrate that Mr. Germosen suffers from an array of health conditions including high blood pressure and elevated cholesterol. Further, while in state custody prior to his incarceration in this case, he underwent a procedure to clear arterial blockages during which vascular stents were inserted. These medical conditions have been treated with medication both while he was at the Wyatt Detention facility and since his placement into the custody of the Bureau of Prisons. It is clear from the records provided, that Mr. Germosen's medical conditions have been successfully managed while he has remained in federal custody. He has been fully vaccinated against Covid-19.

Mr. Germosen argues that his medical conditions, combined with the ever-present threat of Covid-19, constitute extraordinary and compelling reasons for early release. "With COVID constantly changing, wave after wave, variant after variant sweeps across the BOP and affiliated facilities causing harsh lockdowns, reduced movement causing a harsher sentence than intended by this court. Each time COVID breaks into walls of the prisons, this petitioner's life is at risk." (ECF No. 44.) However, the facility at which he is housed currently has a low level of Covid in the institution and in the surrounding community.[2]  Because he has been fully vaccinated, his likelihood of serious illness has been reduced.

Mr. Germosen's family situation and history were addressed in his Presentence Report. (ECF No. 25.) From that report it appears that Mr. Germosen has two daughters. His oldest child, who is now an adult, lived with him and his partner at the time of his arrest while his younger child lived with her mother. Mr. Germosen's mother, who has herself suffered from health problems, does not reside in Rhode Island where Mr. Germosen intends to remain if he is not deported after his release from prison. As a result, he would not be available to care for his mother if he were granted release.

This Court reviews Motions for Compassionate release holistically and considers all asserted circumstances. *United States v. Trenkler*, 47 F.4th 42, 49-50 (1st Cir. 2022). Yet the Court is not vested with unlimited discretion in evaluating

---

[2] BOP: COVID-19 Modified Operations Plan & Matrix

whether the Defendant has put forward an extraordinary and compelling reason justifying his release.

To determine whether the circumstances in any case are extraordinary and compelling and warrant compassionate release, the Court relies on the plain meaning of the words. *United States v. Canales-Ramos*, 19 F.4th 561, 566 (1st. Cir. 2021).

> The plain meaning of "extraordinary" suggests that a qualifying reason must be a reason that is beyond the mine-run either in fact or in degree. See Webster's Third New International Dictionary of the English Language Unabridged 807 (1981) (defining "extraordinary" as "going beyond what is usual, regular, common, or customary"); see also United States v. Hunter, 12 F.4th 555, 562 (6th Cir. 2021) (suggesting that such reason must be "most unusual," "far from common," or "hav[e] little or no precedent"). By the same token, the plain meaning of "compelling" suggests that a qualifying reason must be a reason that is both powerful and convincing. See Webster's Third, supra at 462 (defining "compelling" as "forcing, impelling, [or] driving [circumstance]" and as "tending to convince or convert by or as if by forcefulness of evidence"); see also Hunter, 12 F.4th at 562.

*Canales-Ramos*, 19 F.4th at 566-67. Mr. Germosen has presented no circumstances that could fairly be deemed to be extraordinary and compelling. His health conditions are well managed within the bureau of prisons and are not so extraordinary that continued care within the institution would be difficult or impossible. Covid-19 is a much-reduced threat both within the institution where he is housed and because of his vaccination status. Finally, Mr. Germosen's family circumstances are not extraordinary and constitute the type of family impact that incarceration causes to all families.

The Court, having found that extraordinary and compelling circumstances do not exist, is not required to go further in its analysis. However, mindful of the First

6

Circuit's admonition that its job is made easier when "the district court takes the additional step of making a section 3553(a) determination" a review of the sentencing factors is appropriate at this time. *United States v. Texeira-Nieves*, 23 F.4th 48, 52 (1st Cir. 2022).

In this case, consideration of the 3553(a) factors also suggests that a reduction in his sentence would be inappropriate for Mr. Germosen. The instant offense involved the trafficking of large amounts of fentanyl and cocaine. This conduct followed a prior federal drug conviction for which he served a 46-month sentence of imprisonment. The sentence that Mr. Germosen received in this case was well below the advisory guideline range and below that recommended by the government. It also resulted from a plea agreement in which the government agreed to forgo charging him with additional counts that carried significantly longer mandatory minimum sentences.

The distribution of fentanyl presents a special danger to the community and has contributed to the overdose crisis experienced in the district as well as around the country. Mr. Germosen has not yet served half of his sentence. Notably he filed the first of his motions after serving just 14 months of his 96-month sentence. A reduction in sentence at this time would undermine the goals of punishment, protection of the public and deterrence that underlay the sentence he received.

For these reasons Mr. Germosen's Motion for Retroactive Application of Sentencing Guidelines under 18 U.S.C. 3582 (ECF No. 42) as well as his Emergency Motion for Release (ECF No. 44) are DENIED.

IT IS SO ORDERED.

_____
Mary S. McElroy
United States District Judge

February 14, 2023