# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>CRISTIAN ALBERTO GERMOSEN REYNOSO | C.R. No. 20-0015-MSM -LDA |

## ORDER

Mary S. McElroy, United States District Judge.

Defendant Cristian Alberto Germosen-Reynoso was before this court last year when the Court denied his Motion for Compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  On March 26, 2024, he filed the present motion seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 821 to the Federal Sentencing Guidelines.  Mr. Germosen-Reynoso seeks to have his guideline range recalculated because of changes to the way criminal history points are counted for defendants who are under a criminal justice sentence at the time of the offense charged.  In the calculation of his original guideline range, two points were added to the criminal history calculation because Mr. Germosen-Reynoso committed the instant offense while under a criminal justice sentence.  (ECF No. 25.)  That resulted in a total of five criminal history points and a criminal history category of III.

"Part A of Amendment 821 limits the overall criminal history impact of "status

points" (i.e., the additional criminal history points given to defendants for the fact of having committed the instant offense while under a criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status) under § 4A1.1 (Criminal History Category)." 88 FR 60534, 605352023. The changes to calculating criminal history were made retroactive at the time they were implemented in November 2023.

A recalculation of Mr. Germosen-Reynoso's criminal history under the current guidelines would result in an unchanged offense level. His criminal history category would be reduced from III to II. This would result in a change in his guideline range taking the range from 108 to 135 months of imprisonment to 97 to 121 months of imprisonment. However, § 1B1.10(b)(2)(A) of the Guidelines directs that the Court shall not reduce the term of imprisonment under 18 U.S.C. § 3582(c)(2) to a term that is less than the minimum of the amended guideline range. Because the sentence that he received was below the low end of the amended range, he is not eligible for a reduction in sentence.

For that reason, Defendant's motion is DENIED.

IT IS SO ORDERED.

*Mary S. McElroy*
_____
Mary S. McElroy
United States District Judge

May 6, 2024